UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMIAH VERNON WEBB,

     Plaintiff,

v.                                                                    Case No: 8:25-cv-1942-JLB-AAS

FLORIDA DEPARTMENT OF
EDUCATION, et al.,

     Defendants.

                                       /

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Amanda Arnold Sansone on August 1, 2025 (Doc. 7), recommending that Mr. Webb's Motion to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED** and Mr. Webb's Complaint (Doc. 1) be **DISMISSED**. Plaintiff timely objected to the Report and Recommendation. (Docs. 10 & 12).[1] Upon *de novo* review of the Complaint and the record, the Court adopts in part the Magistrate Judge's well-reasoned and thoughtful Report and Recommendation. Plaintiff may file an amended complaint ***subject to the instructions provided by the Court in this order***.

---

[1] 28 U.S.C. § 636(b)(1)(C) provides that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections[.]" Federal Rule of Civil Procedure 6(d) requires that a party served by mail is given an additional three days to respond. The Report and Recommendation was issued on August 1, 2025, and Plaintiff was served a copy via mail on August 4, 2025. Thus, Plaintiff's August 21, 2025, objections are timely.

## BACKGROUND

Plaintiff, individually and on behalf of his minor Child, B.A.W., filed a Complaint against Defendants Florida Department of Education, several state officials and employees in their individual and official capacities, the Incarnation Catholic School, Diocese of Venice in Florida, and Step Up For Students, Inc.  (Doc. 1).  Plaintiff brings the following claims: (1) *Monell* liability under 42 U.S.C. § 1983; (2) unlawful seizure under section 1983; (3) retaliation under section 1983; (4) malicious prosecution and fabrication of records under section 1983; (5) conspiracy under section 1985(3); (6) violation of the Florida Parents' Bill of Rights; (7) violation of Florida's Parental Rights in Education Act; (8) civil theft pursuant to Florida Statutes § 772.11; (9) tortious interference with a parental relationship; (10) negligent interference with education and therapy; (11) abuse of process; (12) malicious prosecution; and (13) failure to report abuse pursuant to Florida Statutes §§ 39.201 and 1006.061.  (Doc. 1).

The Complaint's general allegations are sparse.  But Plaintiff's attempts to seek relief in this Court are vast, as noted by the Magistrate Judge.  Essentially, Plaintiff alleges that a "Parenting Plan" entered on February 27, 2025, granted equal custody and that, from February 18, 2025, through April 18, 2025, Defendants conspired to seize his minor child, B.A.W, fabricate records, retaliate, and ignore ideation.  (Doc. 1 at 6).  Plaintiff's general factual allegations rely heavily on items not attached to the Complaint or otherwise filed with the Court.  As relief, Plaintiff seeks compensatory and punitive damages in the amount of at least

$2,000,000.00 and injunctive relief in the form of systemic reforms and audits. (*Id.* at 10).

Upon review of the Complaint, the Magistrate Judge recommended dismissing all claims without leave to amend for lack of subject matter jurisdiction. (Doc. 7). Plaintiff objected, arguing that the Court has federal question jurisdiction. (Docs. 10, 12).

## LEGAL STANDARD

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

## DISCUSSION

Plaintiff's Complaint does not seek to have this Court review or otherwise interfere with custody proceedings. Rather, it seeks damages and systemic reform for alleged civil rights violations. (*See* Doc. 1); *see also Behr v. Campbell*, 8 F.4th 1206, 1213 (11th Cir. 2021) (holding that the district court enjoyed subject matter jurisdiction where the appellants "d[id] not raise these constitutional claims to undo the state court's child custody decision; they want[ed] money damages for constitutional violations."). Thus, this Court has subject matter jurisdiction over Plaintiff's claims. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction

3

over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

That said, the Complaint suffers from other procedural deficiencies. Plaintiff's Complaint constitutes an impermissible shotgun pleading. (*See* Doc. 1). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

There are four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. The first and most common type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each

successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not "separat[e] into a different count each cause of action or claim for relief." *Id.* The fourth and final category of shotgun pleading is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiff's Complaint falls into the first and second categories of a shotgun pleading. Each count of Plaintiff's Complaint adopts all preceding allegations. (Doc. 1 at ¶¶ 47–59). Further, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321–23. For example, Plaintiff requests relief without explaining why the relief is appropriate under any cause of action. *See Amin v. Pepperman*, No. 8:23-CV-02345, 2023 WL 6975978, at *2 (M.D. Fla. Oct. 23, 2023) (dismissing a complaint as a shotgun pleading where the plaintiff failed to explain why the relief was appropriate for the causes of action). Additionally, none of the Complaint's thirteen claims "plead the elements of a viable cause of action, supporting each element with specific factual allegations." *Gaddiel David Perez v. Off. of Foreign Assets Control*, No. 24-CV-21258, 2024 WL 6967222, at *1 (S.D. Fla. Apr. 24, 2024). Accordingly, the Court dismisses Plaintiff's Complaint without prejudice. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone.").

Moreover, Plaintiff may *not* assert claims on behalf of his minor child without an attorney and, therefore, must appear through counsel to pursue an action on his child's behalf. *See Devine v. Indian River County School Board*, 121 F.3d 576 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) (holding that neither section 1654 nor Fed. R. Civ. P. 17(c) permit a non-lawyer parent to represent a child in federal court). Thus, to the extent that Plaintiff seeks to bring claims on behalf of B.A.W., he cannot do so without an attorney.

The Court will provide Plaintiff with one opportunity to file an amended complaint to cure the deficiencies. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289 (11th Cir. 2018) ("A [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'. . . where 'a more carefully drafted complaint might state a claim.'"). No new claims may be added to the amended complaint. Should Plaintiff choose to file an amended complaint *pro se*, he must either pay the filing fee or file a new motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915 (allowing a litigant to commence a civil action without prepayment of the filing fee if the litigant submits an affidavit showing they are unable to pay). If Plaintiff chooses to file the amended complaint, the Court will allow Plaintiff 21 days to file an amended complaint. Should Plaintiff wish to raise claims on behalf of his son, he must retain counsel to advance claims on behalf of his son within 14 days of the date of this

Order.  The Court may dismiss his claims without further notice to the extent that they seek relief on behalf of his minor child.

**It is ORDERED AND ADJUDGED**:

(1)     The Report and Recommendation of the Magistrate Judge (Doc. 7) is **ADOPTED in part** as explained in this Order.

(2)     Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(3)     Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED without prejudice**.

(4)     Plaintiff may file an amended complaint within 21 days from the date of this Order. If Plaintiff chooses to file an amended complaint, no new claims may be added.  And Plaintiff is not permitted to advance claims on behalf of his minor child without first retaining an attorney to represent his minor son in these proceedings.

(5)     Should Plaintiff retain an attorney to represent his minor child, Plaintiff is **DIRECTED** to instruct that attorney that the attorney must file a notice of appearance within 14 days of the date of this Order.

(6)     Failure to comply with any directive in this Order may result in the dismissal of this case without further notice from the Court.  Plaintiff is to be especially mindful of his litigation history with this Court arising from the state court's custodial dispute, which has been detailed by the Magistrate Judge in her well-reasoned Report and Recommendation.  This is, as best the Court can tell from a review of

the docket, the fourth case filed in this Court related to this custodial dispute. Although Plaintiff is proceeding *pro se*, he is nevertheless required to adhere to all Federal Rules of Civil Procedure and this Court's Local Rules. Failure to adhere to these rules may result in the Court assessing Plaintiff with **monetary sanctions**, classifying him as a vexatious litigant (requiring him to retain counsel and pay the filing fee in every future case), and other sanctions within the Court's discretion.

**DONE AND ORDERED** in Tampa, Florida, on March 25, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

8