UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMIAH VERNON WEBB,

     Plaintiff,

v.                                                  Case No. 8:25-cv-01942-JLB-AAS

FLORIDA DEPARTMENT
OF EDUCATION, et al.,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jeremiah Vernon Webb, proceeding *pro se*, requests to proceed *in forma pauperis*. (Doc. 22). It is **RECOMMENDED** that Mr. Webb's motion be **DENIED**, and this action be dismissed.

### I.   BACKGROUND

Mr. Webb has initiated several lawsuits in Florida state and federal court. His lawsuits are seemingly all related but proceed under differing legal theories. Mr. Webb initiated four lawsuits in the Middle District Tampa Division. He initiated five lawsuits in the Sarasota County Circuit Court.

In this action, on March 25, 2026, the District Judge adopted in part the undersigned's Report and Recommendation regarding Mr. Webb's motion to proceed *in forma pauperis*. In that order, the court denied Mr. Webb's motion

1

to proceed *in forma pauperis* without prejudice and permitted one opportunity for Mr. Webb to file an amended complaint within 21 days. (Doc. 21, pp. 6−7). The order prohibited Mr. Webb from adding new claims and prohibited Mr. Webb from advancing claims on behalf of his minor child without retaining an attorney to represent his minor child. (*Id.*).

On April 3, 2026, Mr. Webb renewed his motion to proceed *in forma pauperis,* and he filed an amended complaint on April 15, 2026. (Docs. 22, 23). Mr. Webb's financial affidavit supports his claim of indigency.[1] (Doc. 22).

## II.   LEGAL STANDARD

After determining the economic status of the litigant filing *in forma pauperis*, the court also must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant immune from that relief. 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Cleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

## III.   DISCUSSION

Mr. Webb fails to state a claim upon which relief can be granted. Mr.

---

[1] Mr. Webb failed to sign the amended affidavit of indigency, but there is no material difference between the original signed affidavit and the amended affidavit. Also, the amended financial affidavit is attached to Mr. Webb's signed renewed motion to proceed *in forma pauperis*. The court does not question the veracity of the amended financial affidavit.

Webb's complaint alleges two counts and requests declaratory and permanent injunctive relief. (Doc. 23). Both counts arguably add new claims and could be dismissed for failure to comply with the court's prior order (Doc. 21) prohibiting Mr. Webb from adding new claims. Nevertheless, the court will address the merits of the amended complaint.

Count I alleges "42 U.S.C. § 1983 Policy, Custom, or, in the alternative, final-decisionmaker / ratification liability" against Step Up for Students, Inc (Step Up). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Mr. Webb does not plead that Step Up deprived him of a right secured under the United States Constitution or federal law. Mr. Webb merely alleges Step Up "maintained a policy, custom, or practice of deliberate indifference to credible scholarship-compliance complaints" and other failures in scholarship account treatment.

Count II alleges "42 U.S.C. § 1983 procedural due process / ongoing denial of fair process within the scholarship framework." (Doc. 23). "A § 1983 claim alleging the denial of procedural due process requires proof of three elements: '(1) a deprivation of a constitutionally-protected liberty interest; (2)

state action; and (3) constitutionally-inadequate process.'" *Dingle v. City of Coleman*, No. 5:10-CV-53-OC-10GRJ, 2010 WL 4366886 at *3 (M.D. Fla. Oct. 28, 2010) (quoting *Arrington v. Helms,* 438 F.3d 1336, 1347 (11th Cir.2006)).

Mr. Webb alleges a protected liberty interest in the care, custody, companionship, and upbringing of his child. (Doc. 23, ¶ 42). However, it is unclear how the defendants' alleged denial of access to scholarship information or the alleged unsatisfactory review of scholarship-related materials deprived Mr. Webb of this interest. Even assuming Mr. Webb sufficiently alleged deprivation of a constitutionally protected liberty interest as a result of state action, he still does not state a claim because he does not plead there was a constitutionally-inadequate process. Indeed, Mr. Webb admits Defendant Russel and Defendant Commissioner Diaz both acknowledged Mr. Webb's complaint and informed him the Department would take no further action because it viewed the matter as a custody dispute. (Doc. 23, pp. 5−6). "For, it is 'only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.'" *Dingle*, 2010 WL 4366886 at *4 (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994)); *see Cotton v. Jackson*, 216 F.3d 1328, n. 2 (11th Cir. 2000) ("procedural due process violations do not even exist unless no adequate state remedies are available.").

Mr. Webb also does not allege adequate grounds entitling him to declaratory and permanent injunctive relief because he does not properly allege an ongoing violation of federal law.

Therefore, it is **RECOMMENDED** that the court find that Mr. Webb fails to state a claim upon which relief can be granted.

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED**:

1.    Mr. Webb's Motion to Proceed *in Forma Pauperis* (Doc. 22) be **DENIED**.[2]

2.    Mr. Webb's complaint (Doc. 23) be **DISMISSED,** and the Clerk be directed to **CLOSE** this case.

**ENTERED** in Tampa, Florida on May 5, 2026.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] To proceed *in forma pauperis*, Mr. Webb's complaint must state a viable cause of action that satisfies the screening process of 28 U.S.C. § 1915(e)(2)(B). However, if he does not wish to amend his complaint, Mr. Webb may pay the filing fee and conduct proper service of process of his current complaint.

5

## NOTICE TO PARTIES

The plaintiffs have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.