

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JEREMIAH VERNON WEBB,

    Plaintiff,

v.                        Case No. 8:25-cv-01942-JLB-AAS

FLORIDA DEPARTMENT OF EDUCATION, et al.,

    Defendants.

_____/

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

Plaintiff Jeremiah Vernon Webb, proceeding pro se, objects under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Eleventh Circuit Rule 3-1 to the Report and Recommendation entered May 5, 2026. Plaintiff requests de novo review, rejection of the R&R, granting of Plaintiff's renewed motion to proceed in forma pauperis, and permission for the Amended Complaint to proceed to service.

## I. INTRODUCTION

The R&R should not be adopted because it does not accurately screen the operative Amended Complaint. The R&R states that Plaintiff's

Amended Complaint contains "two counts," but the Amended Complaint contains four separately pleaded counts: **Count I** for Fourteenth Amendment procedural due process; **Count II** for First Amendment retaliation; **Count III** for policy, custom, or practice liability against Step Up for Students, Inc.; and **Count IV** for declaratory and prospective injunctive relief.

This threshold error is material. The R&R misidentifies Count I as the Step Up policy/custom claim, although Count I is Plaintiff's procedural due process claim. It misidentifies Count II as procedural due process, although Count II is First Amendment retaliation. It then fails to analyze the First Amendment retaliation claim at all, gives only a conclusory rejection of prospective relief, and treats Defendants' "custody dispute" label as if that label itself supplied constitutionally adequate process.

The R&R also acknowledges that Plaintiff's financial affidavit supports indigency and that the Court does not question its veracity. Thus, the IFP issue turns solely on whether the Amended Complaint survives screening under 28 U.S.C. § 1915(e)(2)(B). A recommendation to deny IFP and close the case cannot rest on a screening analysis that misidentifies the claims, skips entire counts, and resolves pleaded facts against the pro se plaintiff.

## II. STANDARD OF REVIEW

A district judge must make a de novo determination of any portion of a magistrate judge's report and recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommendation, receive further evidence, or recommit the matter.

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an IFP complaint only if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. Failure-to-state-a-claim screening uses the Rule 12(b)(6) standard.[1] The Court must accept well-pleaded factual allegations as true, draw reasonable inferences in Plaintiff's favor, and construe a pro se pleading liberally. See *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## III. OBJECTIONS

### A. The R&R misidentifies the operative pleading.

---

[1] Footnote 1: See *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (§ 1915(e)(2)(B)(ii) dismissal governed by Rule 12(b)(6) standard); *Bennett v. Hendrix*, 423 F.3d 1247, 1250–54 (11th Cir. 2005) (First Amendment retaliation uses ordinary-firmness standard); *Behr v. Campbell*, 8 F.4th 1206, 1213–14 (11th Cir. 2021) (custody-adjacent civil-rights claims require claim-by-claim analysis).

The R&R says the Amended Complaint contains "two counts." It does not. The Amended Complaint contains four counts. This is not harmless. Because the R&R begins from the wrong pleading map, it never screens the First Amendment retaliation claim and never meaningfully screens Count IV's ongoing-violation allegations for prospective relief.

A court cannot conduct valid § 1915 screening of an amended complaint while misstating the number of claims, mislabeling Count I and Count II, and omitting one pleaded constitutional claim. The recommendation to dismiss the entire action should be rejected for that reason alone.

## B. The Amended Complaint did not add forbidden new claims; it narrowed the case.

The R&R suggests that the amended counts "arguably" add new claims. Plaintiff objects. The original complaint already included § 1983 supervisory/Monell liability, § 1983 retaliation, Step Up, FDOE officials, scholarship-related allegations, parental-rights injury, and injunctive relief. The Amended Complaint did the opposite of expanding the case: it removed the minor child as a plaintiff, eliminated many defendants, removed state-law and tort theories, removed broad child-based claims, and focused only on Plaintiff's own federal rights.

The amended claims arise from the same core transaction: FDOE and Step Up's handling of Plaintiff's complaints, scholarship-access requests, attendance irregularity allegations, complaint routing, and alleged interference with Plaintiff's own protected parental interests. Reorganizing existing factual allegations into cleaner federal counts is not adding a forbidden new lawsuit. It is curing the shotgun-pleading concerns identified in the Court's prior order.

## C. The R&R improperly treats the "custody dispute" label as dispositive.

Judge Badalamenti already recognized that this case does not ask the federal court to review or modify a custody order. Rather, Plaintiff seeks civil-rights relief for alleged independent constitutional violations. See *Behr v. Campbell*, 8 F.4th 1206, 1213 (11th Cir. 2021).

The Amended Complaint is even clearer. Plaintiff expressly pleads that he does not sue on behalf of his child, does not seek review, modification, enforcement, or interpretation of any family-court order, and seeks relief only for independent federal constitutional wrongs. The R&R nevertheless relies on the fact that FDOE officials allegedly labeled the matter a "custody dispute" and took no further action. But that label is the challenged mechanism of denial. The R&R repeats the same analytical error

Plaintiff challenges: it allows the custody-dispute label to operate as a categorical stop sign before examining whether the pleaded allegations concern independent state-administered scholarship duties, delegated access functions, First Amendment petitioning activity, and Plaintiff's own parental liberty interests. Plaintiff alleges that Defendants used the label to avoid merits review of scholarship-compliance issues, attendance irregularities, parent-access issues, payment-related concerns, and complaint-handling obligations. A defendant's label cannot defeat a claim at screening where the claim is that the label was used to deny process.

## D. The procedural due process analysis is incomplete.

The R&R says it is "unclear" how denial of scholarship information or review deprived Plaintiff of his parental liberty interest. Plaintiff objects. The Amended Complaint pleads that Plaintiff has a protected liberty interest in the care, custody, companionship, and upbringing of his child. It further pleads that Plaintiff invoked state and delegated complaint channels to challenge interference with parenting time, attendance irregularities, scholarship misuse, and denial of scholarship-account access, but Defendants denied meaningful merits review through formulaic custody-dispute refusals.

The R&R treats acknowledgment-plus-refusal as adequate process. That misstates the claim. Plaintiff alleges the refusal itself was the denial of process. A response saying "we will take no further action" is not meaningful process where the pleaded deprivation is the refusal to review the scholarship and attendance issues actually presented.

The R&R also cites *McKinney v. Pate* and *Cotton v. Jackson* without identifying any state remedy capable of correcting the specific deprivation alleged. It does not identify a Chapter 120 remedy, scholarship appeal process, account-access procedure, mandamus remedy, certiorari remedy, or other mechanism that would provide a written merits determination and workable scholarship-account access. Without identifying an adequate remedy, the R&R cannot dismiss the due process claim on *McKinney/Cotton* grounds.

## E. The R&R ignores the Florida scholarship statutory framework.

The R&R's custody framing ignores the scholarship framework pleaded in the Amended Complaint. Plaintiff alleged scholarship-account access problems, attendance irregularities, continuing scholarship treatment despite irregularities, denial of parent access, and refusal of written merits review. Florida's scholarship statutes and rules require

complaint handling, attendance verification, verified information, and payment-related safeguards. Those issues are not merely domestic or private. They arise inside a state-administered and state-delegated scholarship system.

The R&R never analyzes that framework. It instead accepts the custody label as dispositive. That is error.

**F. The R&R fails to screen Count II for First Amendment retaliation.**

Count II alleges First Amendment retaliation. Plaintiff pleaded protected petitioning activity, Defendants' knowledge of that activity, adverse conduct through refusal of meaningful review and denial of workable access, ordinary-firmness deterrence, and causation. See *Bennett v. Hendrix*, 423 F.3d 1247, 1250–54 (11th Cir. 2005).

The R&R does not mention Bennett, does not identify the elements of retaliation, and does not explain why Count II fails. Instead, it misidentifies Count II as procedural due process and never screens the actual First Amendment claim. This omission independently requires rejection of the recommendation to dismiss the entire Amended Complaint.

**G. The R&R fails to analyze Step Up's delegated state-action role.**

The Amended Complaint alleges that Step Up administers Florida scholarship functions, parent-access functions, complaint intake and response, verified information, and payment-related verification pursuant to delegated state authority. It alleges Step Up denied workable access and failed to provide a merits disposition despite those delegated functions.

Under *West v. Atkins*, 487 U.S. 42, 55–56 (1988), a private actor may act under color of state law when performing a state-delegated function. Under *Buckner v. Toro*, 116 F.3d 450, 452–53 (11th Cir. 1997), Monell-style policy/custom principles apply to private entities performing state functions. The R&R does not analyze these principles and does not address whether Step Up's alleged parent-access, complaint-response, verified-information, and payment-related functions are fairly attributable to the State.

## H. The R&R conclusorily rejects prospective relief.

Count IV pleads ongoing practices: continued complaint procedures allowing scholarship and attendance complaints to be dismissed without a written merits determination based solely on a custody label, and continued absence of a workable mechanism for Plaintiff to access scholarship-account information. It pleads that the current Commissioner and Step Up have present authority over those ongoing practices. It seeks

narrow prospective relief: a written merits determination and a workable access mechanism.

The R&R rejects prospective relief in one conclusory sentence. That is not claim-specific screening.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court sustain these objections, reject the May 5, 2026 R&R, grant Plaintiff's renewed motion to proceed in forma pauperis, and allow the Amended Complaint to proceed to service. Alternatively, if the Court concludes any claim remains deficient, Plaintiff requests narrowly tailored leave to amend only the identified deficiency rather than dismissal and closure.

Respectfully submitted May 13, 2026

JEREMIAH VERNON WEBB
Plaintiff, pro se
11121 Lost Creek Terr 101
Bradenton, FL 34211-
801-755-9600
jeremiah@shoponfire.com

## CERTIFICATE OF SERVICE

I certify that on May 13, 2026, I filed the foregoing with the Clerk of Court in the Middle District of Florida.

JEREMIAH VERNON WEBB