MAY 21 2026 PM3:06
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JEREMIAH VERNON WEBB,

    Plaintiff,

v.                            Case No. 8:25-cv-01942-JLB-AAS


FLORIDA DEPARTMENT OF EDUCATION, et al.,

    Defendants.

_____/


**PLAINTIFF'S TIME-SENSITIVE MOTION FOR LEAVE TO FILE CORRECTED OBJECTIONS TO REPORT AND RECOMMENDATION INSTANTER**

Plaintiff Jeremiah Vernon Webb, proceeding pro se, respectfully moves for leave to file the Corrected Objections to the Report and Recommendation instanter, submitted with this Motion, and states:

1.    On May 5, 2026, the Magistrate Judge entered a Report and Recommendation recommending that Plaintiff's renewed motion to proceed in forma pauperis be denied and that this action be dismissed.

2.    Plaintiff timely filed objections to the Report and Recommendation. After filing, Plaintiff reviewed the docketed Amended Complaint, Doc. 23, and discovered that his objections incorrectly characterized Doc. 23 as containing four counts. That characterization was mistaken. The docketed Amended

Complaint contains two counts and a separate request for declaratory and permanent injunctive relief.

3. Plaintiff acted promptly to correct the record. The Corrected Objections withdraw the inaccurate four-count characterization, acknowledge that Doc. 23 contains two counts and a separate request for declaratory and permanent injunctive relief, and narrow the objections to the issues actually presented by the docketed Amended Complaint. The corrected filing does not expand Plaintiff's objections; it narrows them, withdraws an inaccurate characterization, and assists the Court's de novo review of the docketed Amended Complaint.

4. Good cause and, to the extent the correction is deemed outside the objection period, excusable neglect exist under Federal Rule of Civil Procedure 6(b)(1)(B). The correction is made in good faith, is based on Plaintiff's prompt recognition of a filing-specific error, narrows rather than expands the issues, and promotes accurate de novo review under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3). The relevant equitable factors favor leave: there is no prejudice, the delay is short, the Court has not ruled, Plaintiff acted promptly after discovering the mistake, and the correction assists rather than burdens the Court. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

5. No Defendant has appeared, no Defendant has been served, and no party will suffer prejudice from allowing the corrected filing. The Court has not yet ruled on the Report and Recommendation.

6. Plaintiff does not seek to evade Local Rule 3.01's page limits. The Corrected Objections are nine pages, including the signature block and certificate of service. They request the same narrow result identified in the corrected filing: de novo review, rejection of the R&R, IFP status, and service of the Amended Complaint. Plaintiff submits the Corrected Objections with this Motion and requests that, if leave is granted, they supersede the prior objections and be deemed filed instanter as of the date of this Motion.

## LOCAL RULE 3.01(g) CERTIFICATION

Because no Defendant has appeared or been served, conferral was not possible.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion, accept Plaintiff's nine-page Corrected Objections to the Report and Recommendation instanter, deem the Corrected Objections to supersede Plaintiff's prior objections, and consider the Corrected Objections in conducting de novo review of the Report and Recommendation.

Respectfully submitted May 21, 2026

JEREMIAH VERNON WEBB
Plaintiff, pro se
11121 Lost Creek Terr 101
Bradenton, FL 34211-
801-755-9600
jeremiah@shoponfire.com

## CERTIFICATE OF SERVICE

I certify that on May 21, 2026, I filed the foregoing with the Clerk of Court in the Middle District of Florida.

JEREMIAH VERNON WEBB
Plaintiff, pro se