MAY 21 2026 PM3:07
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMIAH VERNON WEBB,

    Plaintiff,

v.                        Case No. 8:25-cv-01942-JLB-AAS

FLORIDA DEPARTMENT OF EDUCATION, et al.,

    Defendants.

_____/

**PLAINTIFF'S CORRECTED OBJECTIONS TO REPORT AND
RECOMMENDATION**

**SUBMITTED WITH MOTION FOR LEAVE TO FILE INSTANTER**

Plaintiff Jeremiah Vernon Webb, proceeding pro se, submits these Corrected

Objections under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b),

and Eleventh Circuit Rule 3-1. They are submitted with Plaintiff's Time-Sensitive

Motion for Leave to File Corrected Objections Instanter and, if accepted,

supersede Plaintiff's prior objections. Plaintiff withdraws any contrary

characterization of the docketed Amended Complaint, Doc. 23, which contains

two counts and a separate request for declaratory and permanent injunctive

relief. Plaintiff requests a narrow result: de novo review, rejection of the R&R,

IFP status, and service of the Amended Complaint.

## I.    INTRODUCTION

The R&R should not be adopted for one central reason: it does not screen Doc. 23 as pleaded. Count I alleges § 1983 policy, custom, or final-decisionmaker/ratification liability against Step Up for Students, Inc. Count II alleges § 1983 procedural due process / ongoing denial of fair process within the scholarship framework.

The R&R's central error is treating Defendants' "custody dispute" classification as dispositive even though Plaintiff alleges that the classification itself was the mechanism used to avoid scholarship-compliance review, account-access review, record-accuracy review, written disposition, and fair process. Doc. 23 expressly disclaims any request to alter, enforce, interpret, or review a family-court custody or timesharing order.

The R&R acknowledges that Plaintiff's financial affidavit supports indigency. Thus, IFP turns on § 1915(e)(2)(B). Denial and dismissal should not rest on an analysis that accepts the challenged custody label, gives thin treatment to Step Up's delegated state-action role, and invokes adequate-remedy doctrine without identifying a remedy capable of correcting the pleaded deprivation.

## II.   STANDARD OF REVIEW

A district judge must make a de novo determination of any portion of a magistrate judge's report and recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommendation, receive further evidence, or recommit the matter.

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an IFP complaint only if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. Failure-to-state-a-claim screening uses the Rule 12(b)(6) standard. The Court must accept well-pleaded factual allegations as true, draw reasonable inferences in Plaintiff's favor, and construe a pro se pleading liberally. See *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## III. OBJECTIONS

### A. The count structure is corrected; the screening error remains.

Plaintiff corrects the record. Doc. 23 contains two counts: Count I against Step Up for § 1983 policy/custom or final-decisionmaker/ratification liability; and Count II for § 1983 procedural due process. Plaintiff withdraws any contrary characterization.

The correction does not eliminate Plaintiff's objections. The R&R reduced Count I to a generalized assertion about deliberate indifference, without addressing delegated scholarship functions, final-decisionmaker allegations, parent access, account control, or attendance-linked payment processing. It reduced Count II to acknowledgment-plus-refusal, without addressing that the custody classification allegedly foreclosed the scholarship-framework process itself.

### B. Doc. 23 narrowed the case; it did not add a new lawsuit.

The R&R suggests that the amended counts "arguably" add new claims. Plaintiff objects. Doc. 23 narrowed the prior pleading by focusing on Plaintiff's own process-based injury within the scholarship framework, rather than pursuing claims on behalf of the minor child or seeking custody review. The original case already involved FDOE, Step Up, scholarship-related conduct, parental-rights injury, complaint handling, account access, and prospective relief.

Doc. 23 removed claims on behalf of the minor child, many defendants, and broad state-law and tort theories. The amended counts arise from the same core transaction: FDOE and Step Up's handling of scholarship-compliance complaints, account access, attendance, record accuracy, classification, and Plaintiff's protected parental interests. Narrowing those allegations is not adding a forbidden new lawsuit.

## C. The custody label was the alleged mechanism of denial.

Judge Badalamenti already recognized that this case does not ask the federal court to review or modify a custody order. Rather, Plaintiff seeks civil-rights relief for alleged independent constitutional violations. See *Behr v. Campbell*, 8 F.4th 1206, 1213 (11th Cir. 2021).

Doc. 23 likewise states that Plaintiff does not seek modification, enforcement, interpretation, or review of any family-court custody or timesharing order and seeks only independent constitutional and process-based relief within the scholarship framework. See Doc. 23 ¶¶ 1–3, 7, 28–29, 55–57. The R&R nevertheless relies on FDOE's "custody dispute" label. But that label is the

challenged mechanism of denial. The R&R repeats the same analytical error Plaintiff challenges: it allows the custody-dispute label to operate as a categorical stop sign before examining independent scholarship duties, delegated access functions, complaint-review duties, account-control practices, record-accuracy issues, and Plaintiff's parental liberty interest.

## D.  Count II plausibly pleads procedural due process.

The R&R says it is unclear how denial of scholarship information or review deprived Plaintiff of his parental liberty interest. Plaintiff objects. Doc. 23 pleads Plaintiff's protected parental liberty interest; a Step Up-administered private-school scholarship; complaints about scholarship compliance, attendance, school-side access, and record accuracy; and classification as a custody dispute rather than lawful intake, written disposition, record preservation, and effective scholarship-information access. See Doc. 23 ¶¶ 15–30, 41–54.

The R&R treats acknowledgment-plus-refusal as adequate process. That misstates the claim. Plaintiff does not plead a freestanding right to investigation, enforcement, or a favorable outcome. He pleads a narrower deprivation: once Defendants used state and delegated scholarship channels to classify his complaints and foreclose access, they denied lawful classification, written disposition, and effective scholarship-information access. The scholarship framework is pleaded not as the liberty interest, but as the process channel

through which Plaintiff's parental liberty interest was allegedly burdened. The R&R identifies no remedy that would give Plaintiff what he alleges was denied.

The R&R also cites *McKinney v. Pate* and *Cotton v. Jackson* without identifying any state remedy capable of correcting the specific deprivation alleged. It identifies no Chapter 120 remedy, scholarship appeal, account-access procedure, mandamus, certiorari, or other mechanism providing lawful classification, written disposition, record preservation, or workable scholarship-account access. At § 1915 screening, dismissal cannot rest on a hypothetical remedy not identified in the R&R and not apparent from the pleading.

## E. The scholarship framework required analysis.

The R&R's custody framing ignores the scholarship framework pleaded in Doc. 23: Step Up-administered scholarship, scholarship-account and attendance-linked functions, FDOE review under Rule 6A-6.03315(6), Step Up account control, and unreviewed attendance, record-accuracy, parent-access, and scholarship-treatment issues.

Those allegations arise inside the state-administered and delegated scholarship system that supplied the complaint, classification, access, and payment-related channels at issue. See Doc. 23 ¶¶ 16–18, 20–29, 45–56. The R&R never analyzes that framework and instead accepts the custody label as dispositive, even though Plaintiff alleges the label was used to remove

scholarship-compliance, record-accuracy, parent-access, and written-disposition issues from review.

**F.      Count I plausibly pleads Step Up state action and policy/custom liability.**

Count I challenges Step Up only in connection with delegated scholarship-account administration, scholarship-information access, complaint handling through Step Up's fraud-and-abuse channel, and attendance-linked scholarship treatment. Plaintiff alleges Step Up exercised delegated authority over account administration, eligibility documentation, verified information, parent-approval procedures, violation reporting, and attendance-linked payment processing. See Doc. 23 ¶¶ 11–12, 14, 18, 22–23, 26–29, 31–40.

Under *West v. Atkins*, 487 U.S. 42, 55–56 (1988), a private actor may act under color of state law when performing a state-delegated function. Under *Buckner v. Toro*, 116 F.3d 450, 452–53 (11th Cir. 1997), Monell-style policy/custom principles apply to private entities performing state functions. The state-action question is functional, not label-based. Plaintiff pleaded the underlying federal right as the process-based burden on his parental liberty interest alleged in Count II; Count I alleges Step Up's delegated access, complaint-handling, and nonreview policies were the moving force behind that deprivation. Count I also pleads final-decisionmaker/ratification in the alternative, so the claim does not depend solely on proving a widespread custom before discovery. The R&R does not meaningfully analyze delegated authority,

state action, policy/custom, final-decisionmaker liability, ratification, or attendance-linked payment processing.

**G.      Prospective relief required claim-specific screening.**

The R&R says Plaintiff does not allege an ongoing federal violation supporting declaratory or injunctive relief. Plaintiff objects. Doc. 23 pleads ongoing injury: no lawful written disposition on his scholarship-compliance and record-accuracy complaints and no effective process for access to scholarship information. It also pleads Kamoutsas's present authority over complaint review/classification and Step Up's continuing role in account access and complaint handling. That present connection requires claim-specific screening, not one-sentence rejection. See Doc. 23 ¶¶ 50–57.

The requested relief is narrow and tracks Doc. 23: lawful intake and classification; written dispositions; preservation of relevant records; and effective access, to the extent authorized by law, to scholarship information. Plaintiff does not seek payment, reimbursement, recoupment, suspension, transfer of scholarship funds, or any order modifying, enforcing, interpreting, or reviewing a family-court custody or timesharing order.

The R&R rejects prospective relief in one conclusory sentence. That is not claim-specific screening.

**IV.   CONCLUSION**

Plaintiff respectfully requests that the Court grant leave to file these Corrected Objections instanter, accept them as superseding his prior objections,

sustain the objections, reject the R&R, grant IFP, and allow service of the Amended Complaint. Alternatively, Plaintiff requests recommittal for claim-specific screening or leave to amend only any identified deficiency rather than dismissal and closure.

Respectfully submitted May 21, 2026,

JEREMIAH VERNON WEBB
Plaintiff, pro se
11121 Lost Creek Terr 101
Bradenton, FL 34211-
801-755-9600
jeremiah@shoponfire.com

## CERTIFICATE OF SERVICE

I certify that on May 21, 2026, I filed the foregoing with the Clerk of Court in the Middle District of Florida.

JEREMIAH VERNON WEBB
Plaintiff, pro se