UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMIAH VERNON WEBB, *as next
of friend of B.A.W., a minor*,

      Plaintiff,

v.                                                                                  Case No:   8:25-cv-01942-JLB-AAS

FLORIDA DEPARTMENT OF
EDUCATION, et al.,

      Defendants.

                                        /

## ORDER

The Magistrate Judge has entered a Report and Recommendation, recommending that *pro se* Plaintiff Jeremiah Vernon Webb's Amended Complaint (Doc. 23) be dismissed and Motion to Proceed *In Forma Pauperis* (Doc. 22) be denied.  (Doc. 24).  Plaintiff objected (Doc. 26-1).  Upon careful review, the Court **ADOPTS** the Report and Recommendation.

## LEGAL STANDARD

A district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*

**DISCUSSION**

After an independent review of the record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted.

Plaintiff's Amended Complaint brings two claims.  Count I is brought against Defendant Step Up for Students, Inc. pursuant to 42 U.S.C. § 1983 for "policy, custom, or, in the alternative, final-decisionmaker/ratification liability."  (Doc. 23 at 7).  Specifically, Plaintiff alleges that Step Up "maintained a policy, custom, or practice of deliberate indifference to credible scholarship-compliance complaints involving attendance irregularities, parent-access issues, and continued scholarship treatment after notice."  (*Id.* at 8).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law."  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  Count I does not allege that Step Up deprived Plaintiff of a constitutionally or federally protected right.

Count II is brought against Defendants Manny Diaz, Jr., Cathy Russell, Doug Tuthill, and John/Janes Does also under 42 U.S.C. § 1983 for "procedural due process/ongoing denial of fair process within the scholarship framework."  (Doc. 23 at 9).  "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (citation omitted).

Plaintiff alleges that he "has a protected liberty interest in the care, custody, companionship, and upbringing of his child," which he was deprived of when Defendants "classif[ied] [his] complaints as categorically nonactionable, den[ied] [him] effective access to scholarship information, and le[ft] in place unreviewed scholarship-treatment and record-handling decisions without fair process." (Doc. 23 at 9–10). As the Report and Recommendation noted, it is unclear how denial of access to scholarship information or unsatisfactory review of materials constitutes a deprivation of his right to the care of his child. (Doc. 24 at 4). Because Plaintiff does not properly allege an ongoing violation of federal law, there is no ground entitling him to declaratory and permanent injunctive relief. (*See* Doc. 23 at 11–12).

*—Rest of page intentionally left blank—*

Accordingly, it is **ORDERED** that:

1.    The Report and Recommendation (Doc. 24) is **ADOPTED** and made a part of this Order for all purposes.

2.    Plaintiff's Amended Complaint (Doc. 23) is **DISMISSED** without leave to amend.

3.    Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 22) is **DENIED as moot**.

4.    The Clerk of Court is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**ORDERED** in Tampa, Florida, on May 29, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE