**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JEREMIAH VERNON WEBB,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-01942-JLB-AAS**

**FLORIDA DEPARTMENT OF EDUCATION, et al.,**

**Defendants.**
______________________________________/

**ORDER**

Plaintiff Jeremiah Vernon Webb, proceeding *pro se*, requests the court determine his Notice of Appeal is timely, or, in the alternative, the court find excusable neglect or good cause to extend the appeal period through the date Mr. Webb filed the Notice of Appeal. (Doc. 35).

## I. BACKGROUND

On March 25, 2026, the District Judge adopted in part the undersigned's Report and Recommendation regarding Mr. Webb's motion to proceed *in forma pauperis*. In that order, the court denied Mr. Webb's motion to proceed *in forma pauperis* without prejudice and permitted one opportunity for Mr. Webb to file an amended complaint within 21 days. (Doc. 21, pp. 6–7). The order prohibited Mr. Webb from adding new claims and prohibited Mr. Webb from advancing

claims on behalf of his minor child without retaining an attorney to represent his minor child. (*Id.*).

On April 3, 2026, Mr. Webb renewed his motion to proceed *in forma pauperis,* and he filed an amended complaint on April 15, 2026. (Docs. 22, 23). On May 29, 2026, the District Judge adopted the undersigned's Report and Recommendation and dismissed Mr. Webb's Amended Complaint without leave to amend and denied as moot Mr. Webb's motion to proceed *in forma pauperis*. (Doc. 28).

On June 5, 2026, Mr. Webb filed a motion to alter or amend the judgment dismissing the case under Federal Ruel of Civil Procedure 59(e). (Doc. 30). On June 9, 2026, District Judge denied the motion to alter or amend the judgement. (Doc. 31).

On June 24, 2026, Mr. Webb moved for relief from the June 9 Order and May 29 Order under Federal Rule of Civil Procedure 60(b)(1). The District Judge denied the motion. (Doc. 34).

Mr. Webb wishes to appeal the May 29 Order, the June 9 Order, and the July 10 Order. (Doc. 36). Mr. Webb filed the Notice of Appeal on July 17, 2026. (*Id.*). The same day, Mr. Webb moved the court to determine he timely filed Notice of Appeal, or, alternatively, to grant an extension so that the Notice of Appeal is deemed timely. (Doc. 35).

## II. LEGAL STANDARD

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (quoting *Bowles v. Russell,* 551 U.S. 205, 214 (2007)). "[E]xcept as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

"[U]nder Appellate Rule 4(a)(4)(A), the time limit to file a notice of appeal is tolled when any party files in the district court one of several motions." *Green*, 606 F.3d at 1301. Relevantly, the time is tolled by a timely motion to alter or amended the judgment under Rule 59 and a motion for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59. Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

A party must file a Rule 59(e) motion to amend or later the judgment no later than ten days after the judgment at issue is entered. Fed. R. Civ. P. 59(e). "Because this period is less than eleven days, it begins running the day after the judgment is entered and does not include Saturdays, Sundays, or Holidays." *Green*, 606 F.3d at 1300 (citing Fed. R. Civ. P. 6(a)(1)).

In addition, "[t]he district court may extend the time to file a notice of appeal if: a party so moves no later than 30 days after the time prescribed by

Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

## III. DISCUSSION

Mr. Webb wishes to appeal the May 29 Order, the June 9 Order, and the July 10 Order. (Doc. 36). After the court entered the May 29 Order, Mr. Webb tolled the appeal period by filing a timely motion to alter or amend the judgment dismissing the case under Federal Ruel of Civil Procedure 59(e). (Doc. 30). After the court denied the motion on June 9, Mr. Webb filed a Rule 60(b)(1) motion on June 24. (Doc. 32). Mr. Webb did not toll the thirty-day period because he filed the Rule 60 motion for relief later than ten days after judgment was entered. Therefore, Mr. Webb failed to file a timely notice of appeal within thirty days of June 9.

However, Mr. Webb did timely move for an extension of time to file a notice of appeal. Upon review, the court finds excusable neglect to grant the extension of time to file a notice of appeal.

The Eleventh Circuit has stated "'excusable neglect' may include, when appropriate, late filings caused by inadvertence, mistake, or carelessness under certain circumstances." *Locke v. SunTrust Bank*, 484 F.3d 1343, 1346 (11th Cir. 2007). "[W]hen analyzing a claim of excusable neglect, courts should 'tak[e] account of all relevant circumstances surrounding the party's omission,'

including 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

Here, Mr. Webb demonstrated excusable neglect because he is a pro se litigant and demonstrated good faith efforts to comply with complex procedural deadlines. No defendant has appeared or been served so there is no danger of prejudice to the nonmovant. Accordingly, Mr. Webb's motion to extend the appeal period through the date Mr. Webb filed the Notice of Appeal (Doc. 35) is **GRANTED**.

**ORDERED** in Tampa, Florida on July 27, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge