UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMIAH VERNON WEBB,

Plaintiff,

v. Case No: 8:25-cv-01942-JLB-AAS

FLORIDA DEPARTMENT OF EDUCATION, et al.,

Defendants.
_______________________________________/

**ORDER**

The Magistrate Judge has entered a Report and Recommendation (Doc. 40), recommending that Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 37) be **DENIED**. Plaintiff filed two substantially identical objections to the Report and Recommendation. (Doc. 42, 44).

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Here, after an independent review of the entire record, the Court finds that Plaintiff's objections are to be **OVERRULED** and the Report and Recommendation **ADOPTED**.

## BACKGROUND

Plaintiff is no stranger to the United States District Court for the Middle District of Florida. (*See* Doc. 1); *Webb v Cervera*, No. 8:25-cv-01786-MSS-AAS (M.D. Fla. 2025); *Webb v. Diocese of Venice in Florida, Inc.*, No. 8:25-cv-01835-JLB-CPT (M.D. Fla. 2025); *Webb v. Fla. Dep't of Child. and Fams.*, 8:25-cv-01990-SDM-LSG (M.D. Fla. 2025); *Webb v. Rossnagle*, 8:26-cv-01523-JLB-NHA (M.D. Fla. 2026).

On July 23, 2025, he filed his initial Complaint in this case bringing thirteen claims against at least twenty-seven defendants on behalf of himself and his minor child, and he moved to proceed *in forma pauperis*. (Docs. 1, 2). On March 25, 2026, the Court adopted the Magistrate Judge's Report and Recommendation in part, denying Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) and dismissing his Complaint (Doc. 1) without prejudice as a shotgun pleading. (Doc. 21). The Court permitted Plaintiff to file an amended complaint (*id.*), which Plaintiff did. (Doc. 23).

Plaintiff's Amended Complaint (Doc. 23) asserted three claims. First, in Count I, he sued Defendant Step Up for Students, Inc. ("Step Up"), which Plaintiff alleged to be a nonprofit organization that administers Florida scholarship programs, under 42 U.S.C. § 1983 for its "conduct in carrying out . . . statutorily assigned duties . . . ." (*Id.* at ¶¶ 11, 31–40). Next, in Count II, he sued Defendant Step Up, Step Up's president, and a bevy of Florida state officials under section 1983 for procedural due process violations. (*Id.* at ¶¶ 41–54). Plaintiff grounded this claim in his "protected liberty interest in the care, custody, companionship, and upbringing of his child." (*Id.* at ¶ 42). Plaintiff made clear, however, that "[t]his

Count sound[ed] in procedural due process only. Plaintiff [did] not plead a substantive-due-process challenge . . . ." (*Id.* at ¶ 43). Rather, Plaintiff appeared to claim that Defendants' classification of his complaints as "categorically nonactionable" and their refusals to provide him with "effective access to scholarship information" deprived him of his procedural due process rights. (*Id.* at ¶ 45). Finally, in Count III, he sought declaratory and permanent injunctive relief against Defendant Anastasios Kamoutsas, the Commissioner of Education for the State of Florida, to receive "process-based relief" regarding the intake and classification of his prior requests for information. (*Id.* at ¶¶ 13, 55–57).

On May 29, 2026, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed the case without leave to amend. (Doc. 28). As both the Magistrate Judge's Report and Recommendation (Doc. 24) and the Court's Order explained, Plaintiff's Amended Complaint (Doc. 23) failed to state a claim. (Docs. 24, 28). Count I failed because Plaintiff alleged no violation of a constitutionally or federally protected right. (Doc. 28 at 2). Count II failed because "it [was] unclear how denial of access to scholarship information or unsatisfactory review of materials constitute[d] a deprivation of his right to the care of his child." (*Id.* at 3). And Count III failed because Plaintiff did not properly allege that there was an ongoing violation of federal law. (*Id.*).

On June 5, 2026, Plaintiff filed a motion for the Court to alter or amend its dismissal of Plaintiff's Amended Complaint to permit Plaintiff to file a second amended complaint, which the Court denied. (Docs. 30, 31). On June 24, 2026,

Plaintiff moved for relief from the Court's prior Orders, seeking again to file another amended complaint, which the Court also denied. (Doc. 32, 34).

On July 17, 2026, Plaintiff filed a Notice of Appeal (Doc. 36), seeking review of the Court's May 29, 2026, dismissal (Doc. 28) of Plaintiff's Amended Complaint and its Orders since then.

Plaintiff also filed his Motion for Leave to Proceed *In Forma Pauperis* on Appeal (Doc. 37), which is before the Court here. Plaintiff seeks review of (1) whether the Court erred in dismissing his Amended Complaint (Doc. 23); (2) whether the Court "misapplied the pleading standard by separating the scholarship-classification, account-access, and nonreview allegations from the pleaded burden on Plaintiff's own parental liberty interest;" (3) whether Amended Complaint (Doc. 23) plausibly alleged state action by Step Up; (4) whether Amended Complaint (Doc. 23) "plausibly alleged constitutionally inadequate process, no adequate state remedy, and an ongoing violation supporting prospective relief;" (5) whether the Court "erred or abused its discretion by dismissing without leave to amend and by denying Rule 59(e) and Rule 60(b)(1) relief." (Doc. 37-1 at 1).

On July 27, 2026, the Magistrate Judge entered a Report and Recommendation (Doc. 40), which explained the governing legal standard and recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* on Appeal (Doc. 37) be denied because his appeal and Motion "fail to establish the existence of a reasoned, nonfrivolous argument to raise on appeal." (Doc. 40 at 2).

On July 28 and August 6, 2026, Plaintiff filed his objections. (Docs. 42, 44).

## LEGAL STANDARD

28 U.S.C. § 1915 permits indigent persons to proceed in federal court without the prepayment of costs. *See Coppedge v. United States*, 369 U.S. 438, 441 (1962). However, an appeal may not be taken *in forma pauperis* if the district court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). "Good faith" requires the appeal to "present a nonfrivolous question for review." *Kendrick v. Florida*, No. 8:10–CV–2484–T–30EAJ, 2011 WL 254931, at *1 (M.D. Fla. Jan. 25, 2011) (quoting *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring)). A question is frivolous if it is "without arguable merit either in law or fact," *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted), or if the Plaintiff has "little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "[F]rivolous claims [are] claims with which federal district judges are all too familiar.'" *Bilal*, 251 F.3d at 1349 (quotation omitted). While good faith under section 1915(a)(3) does not require "a preliminary showing of any particular degree of merit," the issues raised must not be "so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Ellis v. United States*, 356 U.S. 674, 675 (1958).

## DISCUSSION

Plaintiff states three objections to the Magistrate Judge's Report and Recommendation. (Doc. 42, 44). First, he contends that the Magistrate Judge applied the wrong legal standard in considering his motion. (Doc. 44 at 4–5). Second, he challenges the Magistrate Judge's conclusion that the issues he seeks to

appeal are frivolous. (*Id.* at 6–8). Third, he argues that the Magistrate Judge was too brief in her analysis of his motion. (Doc. 8–9). None of Plaintiff's objections have merit.

As to the first objection, the Magistrate Judge did not err in describing or applying the governing legal standard (*see* Doc. 40 at 1–2), which the Court has again described above. Plaintiff argues that the Magistrate Judge's recommended denying his Motion (Doc. 37) simply because the Court previously dismissed Plaintiff's Amended Complaint (Doc. 23) for failure to state a claim. (Doc. 44 at 5). However, a careful reading of the Report and Recommendation reveals that the Magistrate Judge recommended denying Plaintiff's Motion (Doc. 37) because it "fail[ed] to establish the existence of a reasoned, nonfrivolous argument to raise on appeal" for reasons that were "[*l*]*ike* [Plaintiff's] Amended Complaint." (Doc. 40 at 2) (emphasis added). Nothing in the Magistrate Judge's Report and Recommendation indicates that the Magistrate Judge's recommendation was based solely on the Court's prior dismissal of Plaintiff's Amended Complaint.

Next, the Magistrate Judge was correct that none of Plaintiff's five proposed issues present a nonfrivolous issue for appeal. Again, an issue is frivolous if it is "without arguable merit in either law or fact," *Bilal*, 251 F.3d at 1349, has "little or no chance of success," *Carroll*, 984 F.2d at 393, or if the appeal has such little merit that it "would be dismissed in the case of a nonindigent litigant." *Ellis*, 356 U.S. at 675.

Plaintiff's proposed issues on appeal generally fall into two categories. His first through fourth proposed issues address whether the Court properly concluded that his Amended Complaint (Doc. 23) failed to state a claim. And his fifth issue addresses whether the Court abused its discretion in denying him the ability to file a second amended complaint.

The issues raised by Plaintiff's first through fourth proposals are plainly frivolous. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court *must* dismiss a case if the court determines that the "action or appeal" fails to state a claim. As both the Court (Doc. 28) and the Magistrate Judge's Report and Recommendation on dismissal (Doc. 24) explained in detail, none of Plaintiff's three causes of action state a claim. Count I alleged no deprivation of a constitutionally or federally protected right. (Doc. 28 at 2). Count II failed because Plaintiff failed to adequately allege how a "denial of access to scholarship information or unsatisfactory review of materials constitute[d] a deprivation of his right to the care of his child." (*Id.* at 3). And Count III failed because, in light of the failure of the prior to counts, Plaintiff did not properly allege that there was an ongoing violation of federal law. (*Id.*).

None of that reasoning would be undercut by the issues that Plaintiff seeks to appeal. Again, Plaintiff seeks review of (1) whether the Court erred in dismissing his Amended Complaint (Doc. 23); (2) whether the Court "misapplied the pleading standard by separating the scholarship-classification, account-access, and nonreview allegations from the pleaded burden on Plaintiff's own parental liberty interest;" (3) whether Amended Complaint (Doc. 23) plausibly alleged state action

by Step Up; (4) whether Amended Complaint (Doc. 23) "plausibly alleged constitutionally inadequate process, no adequate state remedy, and an ongoing violation supporting prospective relief;" (5) whether the Court "erred or abused its discretion by dismissing without leave to amend and by denying Rule 59(e) and Rule 60(b)(1) relief." (Doc. 37-1 at 1).

Plaintiff's first proposed issue for appeal fails because, as noted, a court must dismiss a case that fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court concluded that Plaintiff's Amended Complaint failed to state a claim. (Docs. 24, 28).

Next, Plaintiff frames his second issue for appeal as whether the Court erred by "separating the scholarship-classification, account-access, and nonreview allegations from the pleaded burden on Plaintiff's own parental liberty interest." (Doc. 37-1 at 1). However, to state a claim under section 1983, a state actor must "cause[ ]" a person to be subject to the deprivation of constitutionally or federally protected rights. 42 U.S.C. § 1983; *see also Jackson v. Sauls*, 206 F.3d 1156, 1168 (11th Cir. 2000) ("For damages to be proximately caused by a constitutional tort, a plaintiff must show that, except for that constitutional tort, such injuries and damages would not have occurred and further that such injuries and damages were the reasonably foreseeable consequences of the tortious acts or omissions in issue."). Accordingly, that issue is frivolous because Plaintiff failed to allege causation.

Neither the Court nor the Magistrate Judge's Report and Recommendation relied on whether Step Up was a state actor (*see* Docs. 24, 28), making his third issue for appeal frivolous.

And Plaintiff's fourth issue for appeal is frivolous because, as the Magistrate Judge noted, "procedural due process violations do not even exist unless no adequate state remedies are available." (Doc. 24 at 4 (citing *Cotton v. Jackson*, 216 F.3d 1328, 1331 n.2 (11th Cir. 2000)).

Plaintiff's fifth issue is equally frivolous because it raises the issue of whether the Court "erred or abused its discretion by dismissing without leave to amend and by denying Rule 59(e) and Rule 60(b)(1) relief." (Doc. 37). District courts have discretion to make such determinations. *See Bilal*, 251 F.3d at 1348 (affirming a district court's dismissal without leave to amend); *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993) ("The Court's reconsideration of a prior order is an extraordinary remedy. Exercise of this power must of necessity be used sparingly."). The Court previously provided Plaintiff leave to amend his Complaint. (Doc. 21). Accordingly, each of Plaintiff's proposed issues for appeal would be frivolous.

Finally, Plaintiff objects that the Magistrate Judge failed to adequately provide reasoning to support the Magistrate Judge's recommendation. (Doc. 44 at 8–9). As explained by the Court during its discussion on Plaintiff's first objection, this was not the case because the Magistrate Judge referenced the Court's prior

Orders and Report and Recommendation regarding Plaintiff's Amended Complaint. (*See* Doc. 40 at 3).

Given the procedural history of this case and the Court's conclusion that the issues presented for appeal by Plaintiff would be frivolous, the Court certifies that Plaintiff's appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Doc. 40) is **ADOPTED** and made a part of this Order for all purposes.

2. Plaintiff's Specific Objections to Report and Recommendation (Docs. 42, 44) are **OVERRULED**.

3. Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 37) is **DENIED**.

4. Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that this appeal is not taken in good faith.

**ORDERED** in Tampa, Florida, on August 24, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE